Teodoro Charles Castillo, #23271–179, US Penitentiary, Beaumont, TX, pro se.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Appointed counsel for Teodoro Charles Castillo has moved for permission to withdraw from this criminal appeal and has filed a brief as required by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Castillo has filed a response in which he requests to represent himself on appeal. Castillo's motion to proceed *pro se* on appeal is DENIED as untimely. *United States v. Wagner,* 158 F.3d 901, 902–03 (5th Cir.1998). Our independent review of counsel's brief, Castillo's response, and the record discloses no non-frivolous issue for appeal.

We decline to address Castillo's argument that counsel did not adequately explain to him the provision in his plea agreement waiving certain appellate rights. *See United States v. Price,* 95 F.3d 364, 369 (5th Cir.1996). Our decision is without prejudice to Castillo's right to raise this claim in a motion pursuant to 28 U.S.C. § 2255. *Massaro v. United States,* 538 U.S. 500, 504–06, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003).

Counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the AP-PEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario CAMACHO–OROZCO,**
**Defendant–Appellant.**

**No. 03–41351**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 21, 2004.

James Lee Turner, Assistant US Attorney, Jeffery Alan Babcock, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Cesar A. Amador, Samy K. Khalil, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Mario Camacho–Orozco (Camacho) appeals the sentence imposed following his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty-plea conviction for being an alien unlawfully found in the United States following deportation after having been previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326. For the first time on appeal, Camacho argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Camacho acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90. Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.